```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**STEVEN D. CUMMINGS,**

                              **Plaintiff,**

        v.                                        **CASE NO.10-3083-SAC**

**ELLSWORTH CORRECTIONAL FACILITY, et al.,**

                              **Defendants.**

<u>MEMORANDUM AND ORDER</u>

Plaintiff, a prisoner incarcerated in the custody of the Kansas Department of Corrections ("KDOC"), proceeds pro se on a complaint seeking relief under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis in this matter is granted.

Plaintiff states he tested positive for tuberculosis ("TB") in 1993 while incarcerated in the Ellsworth Correctional Facility ("ECF"), and was treated with medication prescribed by Dr. Keepka under threat of confinement in segregation if plaintiff were to decline. Plaintiff reports he tested negative for TB in 2008 at the Shawnee County Jail. Citing his understanding that once one tests positive for TB one is always positive, he concludes he was misdiagnosed in 1993 and claims he now suffers medical ailments as side effects from the unnecessary TB treatment.

Plaintiff filed the instant complaint seeking damages on three claims. For his first and second claims, he contends he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because defendants failed to protect him from conditions that were reasonably likely to cause serious harm in the future, and

by their deliberate indifference to his medical well being. Third, plaintiff claims defendants denied him due process, citing a protected interest in denying unwanted medical treatment.

The defendants named in the complaint are ECF, Correct Care Solutions ("CCS"), ECF Dr. Keepka, ECF Health Services Administrator Mehler, and KDOC Secretary Roger Werholtz.

### Screening the Complaint

A federal court must conduct an initial screening of any action in which a prisoner seeks relief from a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a cognizable claim, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint

2

must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff.  *Id.* at 555.

Having considered plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

*Plaintiff's Claims Are Time Barred*

The Supreme Court directs courts to look to state law for the appropriate period of limitations in cases filed under 42 U.S.C. § 1983.  *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985).   In Kansas, that period is two years.  *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir.1993)(two-year statute of limitations in K.S.A. 60-513 applies to civil rights actions brought pursuant to 42 U.S.C. § 1983).  Plaintiff's allegations, based on events occurring in 1993, clearly fall well outside that two year limitation period.

Plaintiff states, however, that he was not aware of the violation of his constitutional rights until informed of the result of the 2008 TB test conducted at the county jail, and suggests the claims in his complaint are timely raised.  Given the circumstances alleged by plaintiff in this matter, the court finds no merit to this suggestion.

Federal law determines the accrual of § 1983 claims.  *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir.1998).  A civil rights action accrues when facts that would support a cause of action are or should be apparent.  *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir.1997)(citations and quotation omitted).  A plaintiff "need not

have conclusive evidence of the cause of an injury in order to trigger the statute of limitations." *Alexander v. Okla.*, 382 F.3d 1206, 1216 (10th Cir.2004). Nor must a plaintiff "know all of the evidence ultimately relied on for the cause of action to accrue." *Baker* 991 F.2d at 632.

Thus in the present case, to the extent plaintiff seeks damages based upon the side effects of unwanted medication administered in 1993, the accrual date of a cause of action under § 1983 was not deferred until plaintiff's purported knowledge of the harm that might have been caused by the alleged violation of his rights some fifteen years earlier. *See e.g. Coleman v. Morall*, 64 Fed.Appx. 116, *4 (10th Cir.2003)("[B]ecause the relevant injury in a civil rights action is the violation of a constitutional right, it would be analytically incorrect to link accrual of a cause of action under § 1983 to a plaintiff's knowledge concerning the extent of the harm the constitutional violation might have caused.")(unpublished). Finding nothing on the face of the complaint that would allow for tolling of the two year limitation period, plaintiff's claims for damages are subject to being dismissed as time barred.

*No Claim Stated Against Any Named Defendant*

Furthermore, any claim against the named defendants is subject to being summarily dismissed even if not time barred.

First, the correctional facility itself is not a proper defendant. *See Aston v. Cunningham*, 2000 WL 796086 at *4 n. 3 (10th Cir.2000)("a detention facility is not a person or legally created entity capable of being sued")(citing cases)(unpublished).

Second, plaintiff alleges no personal participation by KDOC Secretary Werholtz in the alleged violation of plaintiff's

4

constitutional rights. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996)("personal participation is an essential allegation in a section 1983 claim"); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir.2008)("supervisor status is not sufficient to create § 1983 liability" for denial of adequate medical care).

Third, the complaint states no cognizable claim for relief against CCS where plaintiff alleges no deprivation of his constitutional rights pursuant to a CCS policy or custom. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.2003)(cataloging circuit court cases applying municipal liability test of showing policy or custom as a moving force behind alleged constitutional violation by private corporation)(*citing Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978).

But fourth and most significantly, no plausible Eighth Amendment claim is presented by plaintiff's allegations of appropriate treatment being administered in 1993 in response to a positive TB test result, which clearly implicates no deliberate indifference by any named defendant to a serious medical need of plaintiff at that time. *See Farmer v. Brennan*, 511 U.S. 825, 832 and 847 (1994)("deliberate indifference" prong of Eighth Amendment claim requires a showing that officials were actually aware of risk of harm to a prisoner and failed to take reasonable measures to abate it).

### Notice and Show Cause Order to Plaintiff

For these reasons, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may

5

have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. 2) for leave to proceed in forma pauperis (Doc. 2) is granted, and that plaintiff's motion (Doc. 4) for a final ruling on his complaint is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 29th day of May 2012 at Topeka, Kansas.


                          s/ Sam A. Crow
                          SAM A. CROW
                          U.S. Senior District Judge