IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN D. CUMMINGS,

                    Plaintiff,

     v.                                        CASE NO.10-3083-SAC

ELLSWORTH CORRECTIONAL FACILITY, et al.,

                    Defendants.


**O R D E R**

Plaintiff proceeds pro se and in forma pauperis seeking relief under 42 U.S.C. § 1983.  Plaintiff alleges defendants wrongfully subjected him to treatment for tuberculosis (TB) in 1993 when plaintiff tested positive for TB at the Ellsworth Corrections Facility (ECF) while in the custody of the Kansas Department of Corrections (KDOC).  Plaintiff contends negative TB test results in 2008 at a county jail and at the Norton Correctional Facility signify that the 1993 test result was erroneous, and thereby argues he was forced to undergo treatment in 1993 with harmful and continuing side effects.

The court reviewed plaintiff's allegations and directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.  In part, the court found dismissal was appropriate because relief on allegations regarding plaintiff's testing and/or treatment in 1993 was time barred.  Alternatively, even if no time bar, the court found the complaint remained subject to being summarily dismissed because no actionable constitutional claim was presented where plaintiff's allegations set

forth no basis for plausibly finding that any named defendant violated plaintiff's rights under the Eighth and Fourteenth Amendments by administering treatment consistent with a positive TB test result at that time.

In response, plaintiff again cites his discovery in 2008 that he is suffering from existing and potential side effects from the unneeded TB treatment in 1993. Plaintiff also filed a motion for discovery, to be provided a full copy of his medical record dating back to 1983.

While plaintiff's response arguably suggests that he continues to be subjected to periodic TB treatment shots notwithstanding the negative 2008 test results, the complaint does not include any such claim. Instead, the defendants named in his complaint, and the substance of the administrative grievance documents he provides, clearly center on allegations of misconduct and error by defendants at ECF in 1993. Even if the two year statute of limitations presented no bar to plaintiff seeking relief on these allegations, his response does fails to establish a factual basis for a plausible constitutional claim of deliberate indifference to plaintiff's medical needs, or of any interference with a right protected by the Due Process Clause, by the ECF defendants named in the complaint.

To the extent plaintiff seeks to hold Correct Care Solutions responsible as the successor company to Prison Heath Services (PHS) for alleged PHS policies in 1993 of not retesting positive TB test results, and not informing prisoners of the side effects of the forced TB treatment, these allegations also fail to state a cognizable constitutional claim.

To the extent plaintiff seeks relief from KDOC Secretary

2

Werholtz, ostensibly for the response by Elizabeth Rice as the Designee Secretary of KDOC to plaintiff's administrative appeal in 2009, or because Secretary Werholtz was responsible for the operation of KDOC facilities in 2008 and took no corrective action on plaintiff's claim of harmful medical treatment, there is no showing of Secretary Werholtz' personal participation for the purpose of stating an actionable claim under § 1983 against this defendant.  Plaintiff likewise argues ECF Warden Goddard should be liable for failing to take action in January 2009 on plaintiff's administrative appeal, but the ECF Warden is not named as a defendant, and his response to plaintiff's administrative grievance would be insufficient to establish the warden's personal participation in the alleged deprivation of plaintiff's constitutional rights.

Accordingly, for the reasons stated herein and in the show cause order entered on May 29, 2012, the court concludes the complaint should be dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.   28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief, and that plaintiff's motion for discovery (Doc. 7) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 25th day of September 2012 at Topeka, Kansas.

 s/ Sam A. Crow    
SAM A. CROW
U.S. Senior District Judge